ATLANTA INTERNATIONAL
INSURANCE COMPANY,
Plaintiff–Appellee,

v.

YELLOW CAB COMPANY, INC.,
Defendant–Appellant.

No. 91–1610.

United States Court of Appeals,
Seventh Circuit.

Aug. 11, 1992.

Robert M. Chemers, Scott O. Reed, Robert J. Franco (argued), Pretzel & Stouffer, Chicago, Ill., for plaintiff-appellee.

Alvin R. Becker (argued), Joel M. Horwich, Beerman, Swerdlove, Woloshin, Barezky & Berkson, Chicago, Ill., for defendant-appellant.

Before WOOD, Jr.* and CUDAHY, Circuit Judges, and GRANT, Senior District Judge.**

OPINION ON DENIAL OF MOTION TO STAY MANDATE AND VACATE DENIAL OF PETITION FOR REHEARING

PER CURIAM.

■ After denial of rehearing but before issuance of the mandate in this case, defendant-appellant Yellow Cab Company brought to our attention the opinion of the Illinois Appellate Court in *Hartford Accident and Indemnity Co. v. Rush–Presbyterian–St. Luke's Medical Center*, 231 Ill. App.3d 143, 172 Ill.Dec. 641, 595 N.E.2d 1311 (1992). In *Hartford*, the Illinois Appellate Court held that the insured's receipt of a settlement demand in an amount exceeding the insured's primary coverage did not require notice to the excess insurer. In so holding, the court stated that it "disagreed with" the conclusion we reach here. Yellow filed a motion to stay the mandate and vacate the denial of the petition for rehearing based on the *Hartford* decision.

Although an orderly decisional process makes it somewhat questionable that we should give plenary consideration to the *Hartford* opinion at this late date, we have

---

* Judge Harlington Wood, Jr., assumed senior status on January 16, 1992, after this case was argued before the court.

** Honorable Robert A. Grant, Senior District Judge of the United States District Court for the Northern District of Indiana, sitting by designation.

carefully reviewed it and given it appropriate attention. We conclude, *inter alia*, that it is significantly distinguishable from the case at bar and should not change our result. In particular, the *Hartford* court placed a great deal of emphasis on the fact that the excess insurer was not prejudiced by the delayed notice because in *Hartford* the trial "did not take place for several months after Hartford was given notice, and ... Hartford had more than ample time to make its own investigation of the case after notice was given." at 152, 172 Ill.Dec. 641, 647, 595 N.E.2d 1311, 1317; *see also id.* at 151, 172 Ill.Dec. 641, 646, 595 N.E.2d 1311, 1316. In the case before us, by contrast, the insured did not notify the excess insurer until after the jury had returned a verdict over the primary policy limits, thereby depriving the excess insurer of any opportunity to conduct its own investigation and, perhaps, settle for a lower amount.

■ The *Hartford* court also seems to suggest that our conclusion is erroneous because it relies on the "appears likely" clause in the notice provision, although it might be correct as an interpretation of the "subsequent developments likely to affect" clause, on which the district court relied. Of course, our decision does not reject the district court's ruling. Indeed, we explicitly rely on the district court's decision, rejecting Yellow's argument that under *Atlanta Int'l Ins. Co. v. Checker Taxi*, 214 Ill.App.3d 440, 158 Ill.Dec. 228, 574 N.E.2d 22 (1991), the existence of the "appears likely" clause renders the *ad damnum* irrelevant. Finally, we note in passing that the district judge in the case before us was formerly a member of the Illinois Appellate Court, so that his interpretation of Illinois law is entitled to some weight. *See CPC Int'l, Inc. v. Northbrook Excess & Surplus Ins. Co.*, 962 F.2d 77, 97 n. 53 (1st Cir.1992) (Although an appellate court owes no special deference to a district judge's determination of state law in the state in which he sits, *Salve Regina College v. Russell,* —— U.S. ——, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991), "the fact that a federal judge has had experience on the state bench may reasonably be thought to enhance the weight to be accorded that federal judge's view of state law.").

For the foregoing reasons, the motion to stay the mandate and vacate the denial of the petition for rehearing is DENIED.

GRANT, Senior District Judge, concurring.

I concur with the outcome in this case, but differ to some extent with the reasoning. The district court and the majority take the position that Yellow Cab's duty to notify the excess carrier, Atlanta International Insurance company, arose upon receipt by the defendant of a complaint which contained an *ad damnum* clause seeking damages that would penetrate the excess coverage. I respectfully disagree.

*Ad damnum* clauses have notoriously had little if any bearing to reality. Indeed, Ill.Rev.Stat. ch. 110, ¶ 2–604 (1983) was amended to preclude plaintiffs from pleading an *ad damnum* in personal injury suits because:

> The pendency of a suit asking large damages was thought to have a tendency to impair a defendant's credit and make obtaining or renewing insurance more difficult, and the existence of a large dollar figure on the claim was in addition believed to have a tendency to increase the size of the verdict in the particular case and the verdicts in personal injury cases generally. Prohibiting the statement of damage claims was an effort to remove these consequences of prior practice, without depriving the plaintiff of any right necessary to the establishment of his actual damages.

Ill.Ann.Stat. ch. 110, ¶ 2–604, Historical and Practice Notes (Smith–Hurd 1983). The Illinois Court of Appeal recently expressed a similar opinion in *Hartford Accident and Indemnity Co. v. Rush–Presbyterian–St. Luke's Medical Center*, 231 Ill.App.3d 143, 152–153, 172 Ill.Dec. 641, 646–647, 595 N.E.2d 1311, 1316–1317 (1992). While that decision is not binding on this court, I believe the court's analysis is consistent with existing state law.

I find only one distinguishing factor in the *Hartford Accident* case, one which is

ultimately dispositive. As the majority correctly notes, "the *Hartford* court placed a great deal of emphasis on the fact that the excess insurer was not prejudiced by the delayed notice because in *Hartford* the trial 'did not take place for several months after Hartford was given notice....'" at 751. In the present case, the defendant clearly learned of the excess carrier's potential exposure *during* trial—at that point it had an unquestionable and absolute duty to notify the excess carrier even under the broad discretionary language of the policy. Its failure to do so until after a verdict had been rendered was prejudicial to the plaintiff and unreasonable as a matter of law.